Ron R. Shepherd, ISBN 6593
David L. Bartels, ISBN 10976
SHEP LAW GROUP
1990 North Meridian Road
Meridian, ID  83646
Telephone:  (208) 887-3444
Facsimile:  (208) 887-3443
Direct: ron@sheplawgroup.net
         david@sheplawgroup.net
E-filing:  efile@sheplawgroup.net

Attorneys for Plaintiffs

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| IN RE:<br><br>SCOTT ANTHONY MAHER,<br><br>　　　　　　　　Debtor.<br><br>DAVID FITZPATRICK and PATRICIA PAULIN (fka Patricia Fitzpatrick),<br><br>　　　　　　　　Plaintiffs,<br>v.<br><br>SCOTT ANTHONY MAHER,<br><br>　　　　　　　　Defendant. | Case No. 22-00577-NGH<br><br>Adv. Proceeding No. _____<br><br>COMPLAINT FOR DETERMINATION OF DISCHARGEABILITY OF DEBT |

The above-named Plaintiffs, David Fitzpatrick and Patricia Paulin, for their causes of action against the Defendant, Scott Anthony Maher, allege and state as follows:

## PARTIES

1. Plaintiff, David Fitzpatrick ("Fitzpatrick") is an adult individual residing in the state of Florida.

COMPLAINT FOR DETERMINATION OF DISCHARGEABILITY OF DEBT - 1

2. Plaintiff, Patricia Paulin ("Paulin") is an adult individual residing in Adams County, Idaho.

3. Fitzpatrick and Paulin will be collectively referred to herein as "Plaintiffs".

4. Defendant, Scott Anthony Maher ("Maher") is an adult individual residing in Ada County, Idaho.

**JURISDICTION AND VENUE**

5. This action is brought pursuant to 11 U.S.C. §§ 523 and 727, as well as Idaho State law.

6. This action is a case proceeding under 28 U.S.C. §§ 157(b)(2)(I) and 157(b)(2)(J).

7. This Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 157(a) and 1334(b).

8. Venue is proper under 28 U.S.C. § 1409.

**GENERAL ALLEGATIONS**

9. Plaintiffs hired Maher's company to remodel their basement located at 10421 West Dason Drive, Boise, Idaho ("Subject Property").

10. Maher advised Plaintiffs that he or his employees would be performing all the work on the Subject Property. Maher specifically advised that he would not be using any subcontractor or independent contractors or suppliers.

11. Plaintiffs were residing in Washington, D.C. at the time of the contract with the intent of moving back to the Subject Property to be used as their primary residence. As such, Plaintiffs relied heavily on Maher's representations and information to keep them apprised regarding the progress of construction.

COMPLAINT FOR DETERMINATION OF DISCHARGEABILITY OF DEBT - 2

12. Plaintiffs ultimately learned that Maher was using subcontractors, but Maher never disclosed specific subcontractors and suppliers he was using to complete construction at the Subject Property.

13. After returning from Washington, D.C., Plaintiffs learned that only approximately thirty percent (30%) of the entire project had been completed; yet, Plaintiffs had paid almost eighty-seven percent (87%) of the contract amount.

14. Additionally, Plaintiffs observed damage to the Subject Property that was caused by Maher or his employees in the process of attempting to perform the contract.

15. Maher posted a photograph of the Subject Property on Maher's company's website as a "before" photograph and then posted a totally different property as an "after" photograph with the intent to mislead the Plaintiffs and the public at large that the two properties were the same and that the construction at the Subject Property had been completed.

16. Maher made false representations about the progress of construction in order to induce Plaintiffs to continue to pay Maher and to pay over and above the original contract price where Maher had no intention of completing such work.

17. Maher induced Plaintiffs to make payments to Maher by misrepresenting that the payments were necessary to pay subcontractors and suppliers, where Maher did not intend to use the funds for such purpose and, in fact, did not use the funds for such purpose.

18. Maher failed to pay the undisclosed contractors whom he used to provide labor and/or material to the Subject Property.

COMPLAINT FOR DETERMINATION OF DISCHARGEABILITY OF DEBT - 3

19. On March 24, 2015, Dillabaugh's Flooring America ("Dillabaugh's") filed a lien foreclosure complaint against Plaintiffs to foreclose its lien recorded against the Subject Property based upon Maher's failure to pay Dillabaugh's for material and labor which Dillabaugh's provided at the request of Maher to improve the Subject Property. Attached hereto as Exhibit "A" is a true and correct copy of the Complaint for Foreclosure filed against Plaintiffs in the Fourth Judicial District of Idaho, Ada County, Case No. CV-OC-2015-04834. This case will be referred to herein as the "State Court Action."

20. On April 24, 2015, Plaintiffs filed a crossclaim against Maher in the State Court Action. Attached hereto as Exhibit "B" is a true and correct copy of Plaintiffs' crossclaim.

21. Maher failed to respond to the crossclaim, so on September 15, 2015, a default judgment was entered against Maher in the total amount of $27,430.81. A true and correct copy of the default judgment is attached hereto as Exhibit "C".

22. On May 21, 2020, the original judgment entered against Maher was renewed. Attached hereto as Exhibit "D" is a true and correct copy of the decree renewing default judgment entered on May 21, 2020 in the State Court Action.

23. As of April 3, 2023, the amount owed on the judgment is $38,567.62. Interest continues to accrue on the judgment under Idaho state law at the rate of $4.04 per day.

24. Maher has failed and refused to pay any portion of the default judgment.

## INCORPORATION BY REFERENCE

Each and every allegation set forth in this Complaint are incorporated in each and every count of this Complaint.

COMPLAINT FOR DETERMINATION OF DISCHARGEABILITY OF DEBT - 4

## COUNT I
### (Nondischargeability of Debts – 11 U.S.C. § 523(a)(2)(A)

25. Maher's debt to Plaintiffs, as is more particularly described hereinabove, is, in whole or in part, for money obtained by false pretenses, a false representation and/or actual fraud.

26. Maher's debt to Plaintiffs is therefore not dischargeable pursuant to 11 U.S.C. § 523(a)(2)(A).

## COUNT II
### (Nondischargeability of Debts – 11 U.S.C. § 523(a)(4))

27. Maher's debt to Plaintiffs, as is more particularly described hereinabove, is, in whole or in part, for fraud or defalcation while acting in a fiduciary capacity, embezzlement and/or larceny.

28. Maher's debt to the Plaintiffs is therefore not dischargeable pursuant to 11 U.S.C. § 523(a)(4).

## COUNT III
### (Nondischargeability of Debts – 11 U.S.C. § 523(a)(6))

29. Maher's debt to Plaintiffs, as is more particularly described hereinabove, is, in whole or in part, for willful and malicious injury to Plaintiffs or to the Plaintiffs' property.

30. Maher's debt to the Plaintiffs is therefore not dischargeable pursuant to 11 U.S.C. § 523(a)(6).

## ATTORNEY FEES

31. Plaintiffs have been required to retain the law offices of Shep Law Group, duly licensed and practicing attorneys of law, to institute and prosecute this action.

Plaintiffs are entitled to recover their costs and attorney fees in prosecuting this action under Federal Rules of Civil Procedure 54(d), among others.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand judgment as follows:

1. For the entry of a judgment that the entire amount owed under the State Court judgment is nondischargeable;

2. For an award of costs;

3. For an award of attorney's fees; and

4. For such other relief and further relief as the Court deems just and equitable.

DATED this 3rd day of April 2023

SHEP LAW GROUP

　　　　/s/ Ron R. Shepherd　　　　
RON R. SHEPHERD
Attorneys for Plaintiffs

COMPLAINT FOR DETERMINATION OF DISCHARGEABILITY OF DEBT - 6

**CERTIFICATE OF DELIVERY**

      I HEREBY CERTIFY that on the 3rd day of April 2023, I electronically filed the foregoing COMPLAINT FOR DETERMINATION OF DISCHARGEABILITY OF DEBT with the Clerk of the Court using the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

| | |
|---|---|
| US Trustee<br>ustp.region18.bs.ecf@usdoj.gov | Patrick Geile, Trustee<br>pgeile@foleyfreeman |
| Holly E. Sutherland<br>Attorneys for Maher<br>holly@averylaw.net | |

                                                     /s/ Ron R. Shepherd
                                               RON R. SHEPHERD