NO.
FILED
A.M. _____ P.M. _____

APR 2 4 2015

CHRISTOPHER D. RICH, Clerk
By KATRINA HOLDEN
DEPUTY

**RON R. SHEPHERD**
**R. SHEPHERD LAW, PLLC**
Attorneys at Law
850 East Franklin Road, Suite 404
Meridian, ID 83642
Telephone: (208) 887-3444
Facsimile: (208) 887-3443
ISB No. 6593
ron@rshepherdlaw.com

Attorney for David Fitzpatrick and
Patricia Fitzpatrick, Defendants

## IN THE DISTRICT OF THE FOURTH JUDICIAL DISTRICT OF

## THE STATE OF IDAHO, IN AND FOR THE COUNTY OF ADA

| | |
|---|---|
| BOISE FLOOR COVERING & DESIGN, INC., dba DILLABAUGH'S FLOORING AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> REBUILD IDAHO LLC, SCOTT MAHER, DAVID FITZPATRICK and PATRICIA FITZPATRICK, husband and wife, <br><br> Defendant. | Case No. CV-OC-15-04834 <br><br> ANSWER AND CROSSCLAIM <br><br> Fee Category: 4. <br> Filing Fee: $14.00 |
| DAVID FITZPATRICK and PATRICIA FITZPATRICK, husband and wife, <br><br> Cross-Claimants, <br><br> v. <br><br> REBUILD IDAHO LLC, a limited liability company, and SCOTT MAHER, individually, <br><br> Cross-Defendants. | |

ANSWER AND CROSSCLAIM - 1          **EXHIBIT "B"**          4828-5171-1523, v. 1

## ANSWER

The above-named Defendants, David Fitzpatrick and Patricia Fitzpatrick ("Defendants"), by and through their counsel of record, Ron R. Shepherd of the law firm of R. Shepherd Law, PLLC, in answer to the Complaint for Foreclosure ("Complaint") previously filed in this action on March 24, 2015 by the Plaintiff above named, admit, deny and allege as follows:

## GENERAL DENIALS

1. Defendants deny each and every allegation of the Complaint not specifically admitted herein.

2. Defendants admit paragraphs 1, 2, 3, 4, 6 and 14.

3. The allegations contained in the following paragraphs are not directed to or alleged against Defendants and, therefore, do not appear to require Defendants' response thereto: 8 through 12. To the extent the allegations contained in these paragraphs are meant to apply to Defendants, Defendants are without sufficient knowledge to admit or deny the allegations of said paragraphs, and, on that basis, deny the same.

4. Answering paragraph 5, Defendants admit that Plaintiff provided certain goods and labor/services to the property. Defendants are without sufficient knowledge to admit or deny the remaining allegations of said paragraph, and, on that basis, deny the same.

5. Answering paragraph 13, Defendants admit that Plaintiff furnished, delivered and supplied building materials, supplies and equipment and labor to improve the property. Defendants are without sufficient knowledge to admit or deny the remaining allegations of said paragraph, and, on that basis deny the same.

ANSWER AND CROSSCLAIM - 2

4828-5171-1523, v. 1

6. Answering paragraph 15, it appears that this is merely a legal conclusion to which no response is necessary. To the extent paragraph 15 contains factual allegations, such allegations are denied.

7. Answering paragraphs 16 and 17, the allegations are denied to the extent they apply to Defendants.

8. Defendants deny that Plaintiff is entitled to any of the relief sought to the extent such relief is sought against Defendants or Defendants' real property.

## AFFIRMATIVE DEFENSES

9. Plaintiff has failed to state a claim upon which relief may be granted.

10. Defendants have already paid the amount listed owed to Plaintiff.

11. Plaintiff has failed to plead that it is a duly registered contractor under the Idaho Contractor Registration Act, Idaho Code § 54-5201, *et seq.*

12. Plaintiff has waived its right to place a lien upon real property under Idaho Code § 54-5208, because Plaintiff, upon information and belief, had actual knowledge that ReBuild Idaho, LLC and Scott Maher were not duly registered under the Idaho Contractor Registration Act.

## ATTORNEY FEES

13. Defendants have been required to retain Ron R. Shepherd of the law firm of R. Shepherd Law, PLLC, duly licensed and practicing attorney of the state of Idaho, to defend against Plaintiff's claims. Defendants are entitled to recover their attorney fees reasonably incurred in this action under Idaho Code § 12-121.

ANSWER AND CROSSCLAIM - 3

4828-5171-1523, v. 1

## PRAYER FOR RELIEF

WHEREFORE, Defendants pray for relief as follows:

1. That Plaintiff's Complaint, as it relates to Defendants and Defendants' real property, be dismissed with prejudice and Plaintiff take nothing thereunder; and

2. For a judgment against Plaintiff for Defendants' costs incurred herein; and

3. For a judgment against Plaintiff for Defendants' attorney's fees incurred herein; and

4. For such other and further relief as the Court deems just and equitable.

## CROSSCLAIM

Defendants/Cross-claimants, David E. Fitzpatrick and Patricia Fitzpatrick, husband and wife, ("Fitzpatricks") for their causes of action against the Cross-Defendants, ReBuild Idaho LLC and Scott Maher ("Cross-Defendants"), allege and state as follows:

## PARTIES

1. Fitzpatricks are adult residents of Ada County, Idaho.

2. Cross-Defendant, ReBuild Idaho LLC ("ReBuild") is a limited liability company formed under the laws of the State of Idaho with its principal place of business in Ada County, Idaho.

3. Cross-Defendant, Scott Maher ("Maher"), is an adult resident of Ada County, Idaho.

## JURISDICTION AND VENUE

4. Jurisdiction and venue are proper in this court, because this matter involves a contract dispute entered into between two Idaho residents for work to be performed in Idaho, and all parties to this crossclaim are, upon information and belief, residents of Ada County, Idaho.

ANSWER AND CROSSCLAIM - 4

4828-5171-1523, v. 1

## GENERAL ALLEGATIONS

5. Fitzpatricks hired ReBuild and Maher to remodel their basement located at 10421 West Dason Drive, Boise, Idaho ("Subject Property"). Attached hereto as Exhibit "A" and incorporated herein by reference is a true and correct copy of the written contract with attached exhibits.

6. Maher advised Fitzpatricks that he or his employees would be performing all the work on the Subject Property. Maher specifically advised that he would not be using any subcontractor or independent contractors or suppliers.

7. Fitzpatricks were residing in Washington, D.C. at the time of the contract with the intent of moving back to the Subject Property to be used as their primary residence. As such, Fitzpatricks relied heavily on Maher's representations and information to keep them apprised regarding the progress of construction.

8. In approximately July 2014, Fitzpatricks learned that Maher was using subcontractors, but Maher never disclosed specific subcontractors and suppliers he was using on the Subject Property.

9. Fitzpatricks paid a total of $12,499 to Maher pursuant to the contract.

10. After returning from Washington, D.C., Fitzpatricks learned that only approximately thirty percent (30%) of the entire project had been completed; yet, Fitzpatricks had paid almost eighty-seven percent (87%) of the contract amount.

11. Additionally, Fitzpatricks observed damage to the Subject Property that was caused by Maher or his employees in the process of attempting to perform the contract.

12. Ultimately, Maher failed to perform the contract and quit attempting to perform the contract.

## INCORPORATION BY REFERENCE

Each and every allegation set forth in this Answer and Crossclaim are incorporated in each and every count of this Crossclaim.

## COUNT I
### (Breach of Contract Against ReBuild)

13. ReBuild failed to perform the contract as agreed.

14. Specifically, ReBuild breached the contract in the following particulars:

   A. ReBuild failed to complete the entry, kitchen and most of the bathroom portions of the contract.

   B. ReBuild failed to perform the contract within a reasonable time, time being of the essence under the contract.

   C. ReBuild failed to provide necessary services to correct structural or mechanical failures of materials or workmanship, and failed to perform construction in a workmanlike manner.

15. ReBuild's breach of the contract has caused Fitzpatricks damages in an amount necessary to complete the work not performed, to cure the defective work that was performed and in loss of use based upon the period of time in which the work was not completed within a reasonable time.

16. The amount of Fitzpatricks' damages will be determined at trial.

## COUNT II
### (Breach of Covenant of Good Faith and Fair Dealing Against ReBuild)

17. In every contract there is an implied covenant of good faith and fair dealing.

18. ReBuild breached such covenant by making promises to perform work during construction in order to induce Fitzpatricks to pay over and above the amount agreed to, where ReBuild had no intention of completing such work.

ANSWER AND CROSSCLAIM - 6

4828-5171-1523, v. 1

19. ReBuild further breached the covenant of good faith and fair dealing by continuing to request payments to be made with representations that the payments were necessary to pay subcontractors and suppliers, where ReBuild did not intend to use the funds for such purpose and, in fact, did not use the funds for such purpose.

20. ReBuild's breach of the covenant of good faith and fair dealing caused Fitzpatricks damages in an amount to be determined at trial.

### COUNT III
### (Violation of the Idaho Consumer Protection Act Against ReBuild and Maher)

21. ReBuild and Maher entered into a contract with Fitzpatricks which exceeded $2,000 to alter or repair and improve Fitzpatricks' intended residence.

22. As such, ReBuild and Maher had a duty to disclose various information under Idaho Code § 45-525(2).

23. ReBuild and Maher breached such duty in the following particulars:

   A. ReBuild and Maher failed to disclose to Fitzpatricks that Fitzpatricks had a right, at their reasonable expense, to require that ReBuild and Maher obtain lien waivers from any and all subcontractors providing services or materials to ReBuild and Maher;

   B. ReBuild and Maher failed to disclose to Fitzpatricks that Fitzpatricks had a right to receive from ReBuild and Maher proof that ReBuild and Maher had general liability insurance and workman's compensation insurance for employees.

   C. ReBuild and Maher failed to disclose to Fitzpatricks that they had a right to require, at their expense, a surety bond in an amount up to the value of the construction project.

24. Additionally, ReBuild and Maher breached their duty to disclose to Fitzpatricks, in writing or otherwise, the contact information for all subcontractors, materialmen, rental

equipment providers and the like with whom ReBuild and Maher contracted for services on the Subject Property, as required under Idaho Code § 45-525(3).

25.     Pursuant to Idaho Code § 45-525(4), ReBuild's and Maher's failures to make the disclosures required as set forth above constitutes a separate violation of the Idaho Consumer Protection Act, Chapter 6, Title 48, Idaho Code.

26.     ReBuild and Maher, likewise, violated the Idaho Consumer Protection Act as follows:

   A.     By posting a photograph of the Subject Property on ReBuild's website as a "before" photograph, and then posting a totally different property as an "after" photograph with the intent to mislead the public that the two properties were the same and that the Subject Property had been completed, as depicted in the photographs. (I.C. § 48-603(17) and (18)); and

   B.     By disparaging the goods, services or business of another by false or misleading representation of the facts in that ReBuild and Maher were derogatory and misleading regarding the performance of subcontractors and suppliers in an effort to deflect blame from them for failing to pay subcontractors and suppliers and for failing to perform the contract as agreed; and

   C.     ReBuild and Maher accepted payments from Fitzpatricks which were induced by Maher's representations that the payments were necessary to pay subcontractors and suppliers, where Maher never intended to and, in fact, did not pay such subcontractors and suppliers.

ANSWER AND CROSSCLAIM - 8                                              4828-5171-1523, v. 1

27. Pursuant to Idaho Code § 48-608(1), Fitzpatricks are entitled to $1,000 or actual damages, whichever is greater, for each and every violation of the Idaho Consumer Protection Act.

## COUNT IV
### (Pierce the Corporate Veil)

28. Maher formed ReBuild Idaho and/or used ReBuild Idaho for the purpose of and as a means to commit a fraud on the Fitzpatricks.

29. ReBuild is the mere alter ego of Maher.

30. Maher failed to follow corporate formalities and keep proper books and records of ReBuild, ReBuild was undercapitalized and Maher looted the company to the detriment and for the purpose of defrauding ReBuild's creditors.

31. The unity of interest and ownership between ReBuild and Maher is so closely intertwined that the separate identities of the entity and the person no longer exists.

32. It would be inequitable for Maher to benefit from the corporate shield under the facts and circumstances to be proven at trial.

33. As such, judgment should enter piercing the corporate veil and holding Maher jointly and severally liable for all damages Fitzpatricks prove as against ReBuild.

## ATTORNEY FEES

34. Fitzpatricks have been required to retain Ron R. Shepherd of the law firm of R. Shepherd Law, PLLC, duly licensed and practicing attorney of the state of Idaho, to institute and prosecute their crossclaim. Fitzpatricks are entitled to recover their attorney fees reasonably incurred in this action under Idaho Code § 12-121 and paragraph 6 of the parties' contract.

ANSWER AND CROSSCLAIM - 9

4828-5171-1523, v. 1

## PRAYER FOR RELIEF

WHEREFORE, Fitzpatricks pray for relief as follows:

1. For the entry of judgment against Maher and ReBuild, jointly and severally, for all damages Fitzpatricks suffered as a result of each and every count set forth above, the amount of which shall be proven at trial; and

2. For the entry of judgment against ReBuild and Maher in an amount of at least $1,000 for each violation of the Idaho Consumer Protection Act proven at trial; and

3. For the entry of judgment piercing the corporate veil and holding Maher personally liable for all damages proven against ReBuild; and

4. For an award of costs incurred herein; and

5. For an award of attorney's fees incurred herein; and

6. For such other and further relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Pursuant to I.R.C.P. 38, Fitzpatricks hereby respectfully demand a jury trial of twelve people on all issues raised in this Crossclaim and triable of right by jury.

DATED this 22ND day of April, 2015

R. SHEPHERD LAW, PLLC

_____
RON R. SHEPHERD
Attorney for Attorney for David Fitzpatrick and
Patricia Fitzpatrick, Defendants

ANSWER AND CROSSCLAIM - 10

4828-5171-1523, v. 1

## CERTIFICATE OF DELIVERY

I hereby certify that on the 22nd day of April, 2015, I caused a true and correct copy of the foregoing ANSWER AND CROSSCLAIM to be served by the method indicated below, and addressed to the following:

| | |
|---|---|
| Jed Manwaring | ( ) U.S. Mail, Postage Prepaid |
| Judy Geier | ( ) Certified Mail/Return Receipt |
| EVANS KEANE, LLP | ( ) Hand Delivered |
| Post Office Box 959 | (✓) Facsimile 345-3514 |
| Boise, ID 83702-0959 | (✓) Email: jmanwaring@evanskeane.com |
| | jgeier@evanskeane.com |

_____
RON R. SHEPHERD

ANSWER AND CROSSCLAIM - 11                    4828-5171-1523, v. 1

WORK AGREEMENT - 1

# WORK AGREEMENT

THIS AGREEMENT, made this 4th day of March, 2014 by and between **REBUILD IDAHO, LLC**, hereinafter referred to as "CONTRACTOR," and David & Patricia Fitzpatrick, hereinafter jointly and severally referred to as "CUSTOMER."

1. SCOPE:

Entry:

- Cut Foundation
- Reinforce w/ steel beams
- Pour Steps
- Frame in new doorway
- Add a 36" Door

Kitchen:

- Plumbing Rough In
- Cabinets (stock)
- Countertops (vinyl)
- Procelin Sink
- Electric Stove
- Dishwasher
- Oven
- Microwave

Bathroom:

- Build False Floor
- Rough In (plumbing & electrical)
- Cabinets
- Counters (vinyl)
- Sinks (2)
- Toilet
- Corner Shower

 EXHIBIT A



Frame Closet

Track Lighting

Mirror

Hardware (faucets, towel racks, etc.)

Vinyl Floor

Fan

At the following location: 10421 Dason Dr. Boise, ID 83704, on or around March 13th, depending on permits.

For the amount of $9,200.00, on the terms of 50% or $4,600.00 down as a deposit and the balance of $4,250.00 upon completion of the above scope of work. Depending on length of job and material cost, a draw system may be needed. Work shall be completed in a workman like manner, on schedule and in accordance with the plans and specifications, if any are applicable, attached hereto as *Exhibit A* and this reference inclusive herein, which is initialed by the parties.

2. CHANGES: There shall be no changes from the Scope of Work, approved plans and specifications, except: (A) when requested from Customer and only after a change order has been signed, (B) when Contractor encounters unseen obstacles and other work, beyond the work set forth in the plans and specifications, is required; or (C) when required by any public authority having jurisdiction. All changes shall be paid for in advance of any work starting on the change, at the price agreed upon when the change order is signed, or if estimated only, then at the reasonable estimated cost.

3. PRICE AND PAYMENT: The base contract price which Customers agree to pay to Contractor is $9,200.00, LAWFUL MONEY OF THE UNITED STATES OF AMERICA, to be paid as follows:
Material Down Payment of $4,600.00 by Cashiers Check
Balance Due At Completion of $4,600.00
Possibility of Material Draws

3. INSPECTION: Customers or their agents shall inspect the work from time to time during construction, and in the event construction is not being performed pursuant



to Paragraph No. 1, they shall so notify the Contractor immediately, and failure to so comply with Paragraph No. 1 shall constitute a breach of this Agreement.

4. BASE CONTRACT PRICE: It is further agreed that the base contact price shall remain binding upon the parties hereto so long as construction is commenced within thirty (30) days from the date of execution of this Agreement, and if construction is not commenced within this period of time, the base contract price shall be subject to re-negotiation and this Agreement shall be void and of no effect.

5. INSURANCE: Contractor shall maintain, at his own expense, a CONTRACTOR'S RISK INSURANCE policy against loss by fire, with full extended coverage, including vandalism and malicious damage, covering all improvements to be erected hereunder and all materials, such insurance to be made payable to Contractor. Contractor shall procure and maintain public liability insurance covering death or bodily injury and property damage with such limits as will adequately protect Contractor and Customers from any liability on account of such injury or damage which might arise out of the conduct of the work contracted for herein by Contractor or by any subcontractor, and Contractor will also carry Workman's Compensation Insurance under the laws of the State of Idaho and is and will remain bonded during entire project set forth.

6. ATTORNEY'S FEES: In the event of legal action by either party to enforce any portion of this Agreement, the prevailing party shall be entitled to, in addition to costs otherwise provided for by law, a judgment for the attorney's fees in such sum as a court of competent jurisdiction may adjudge reasonable.

7. NECESSARY DOCUMENTS: The parties hereto agree to execute any and all documents necessary to consummate this transaction in accordance with the terms of this Agreement.

8. ASSIGNABILITY: The parties hereto understand and agree that either party shall have the right to assign their interest in this Agreement, provided written consent of the other party is first obtained. Both parties covenant and agree that they will not unreasonably withhold written consent to any assignment.



9. UNAVOIDABLE DELAYS AND DEFAULTS: Contractor shall be excused for any delays or defaults in the performance of this Agreement caused by the act of Customers or Customers' agent, the act of any Governmental authority, the act of any public enemy or acts of God, the elements, war defense conditions, litigations, strikes, walkouts, war or other causes beyond Contractor's control. Contractor shall use reasonable diligence to avoid any such delay or default and to resume performance under this Agreement as promptly as possible after any such delay or default.

10. ORIENTATION, ACCEPTANCE AND SERVICE: Upon completion, Contractor shall notify Customers, and an orientation shall be conducted by Contractor with Customers. At this time, any deficiencies in materials or workmanship shall be noted and mutually agreed upon between Contractor and Customers and thereafter corrected by Contractor before acceptance by Customers. After all mutually agreed items are completed by Contractor and verified by Customers, Customers shall unconditionally accept the work of Contractor.

11. CONTRACTOR WARRANTY: Contractor agrees to provide necessary services to correct structural or mechanical failures of materials or workmanship for a period of one (1) year after completion. All requests for service must be in writing. Items considered to be normal owner's maintenance are ineligible for service by Contractor.

12. NOTICES: Any and all notices, demands, requests or other matters required or permitted by Contractor or by law to be served on or delivered to either party in this Agreement shall be deemed duly served, given or delivered when personally delivered to the party to whom it is addressed, or in lieu of such personal service, within forty-eight (48) hours of when deposited in the United States Mail, certified, postage prepaid, addressed to Customers at the address set forth below or to Contractor at the address set forth below. Either party may change their address for the purpose of this paragraph by giving written notice of such change to the other party in the matter as provided in this paragraph.

13. TIME: Time is of the essence hereof.



14. ENTIRE AGREEMENT: This Agreement represents the final integrations of the agreement of the parties and shall not be varied or modified by any oral representation by or on behalf of either party hereto. Provided, however, that the following provisions were added before execution and if at variance with any other provision hereof, the provisions in this paragraph will control: _____

*Attachment B - Desired Floor Plan Example, slight differences will be accepted upon approval from Customers.*

*Attachment C - Quote Dated 02/14/2014*

NONE

15. BINDING OF HEIRS: This Agreement shall extend to and bind the heirs, administrators, executors, representatives, successors and assigns of the parties hereto.

**CONTRACTOR:**

_____
Scott A. Maher,
President/ CEO
Rebuild Idaho, LLC.

**CUSTOMERS:**

_____
Name: David Fitzpatrick

_____
Name: Patricia Fitzpatrick

Case 23-06012-NGH Doc 1-2 Filed 04/03/23 Entered 04/03/23 16:34:01 Desc
Exhibit Ex. B - Answer and Cross Claim Page 17 of 19

Page 1 of 1

ATTACHMENT B



Example Floor Plan

ATTACHMENT B

ATTACHMENT C



ReBuild Idaho LLC
7275 Potomac Dr.
Boise, ID 83704

Sales: 208-230-4040
Servc: 208-995-9390
Fax:   208-887-1945

ReBuildIdaho@Gmail.com
www.ReBuildIdahoLLC.com

## "Friendships & Foundations First"

Bid to:                                                                                   2/14/14

David Fitzpatrick
10421 Dason Dr.
Boise, ID 83704
208-994-1999
tsdfitz@gmail.com

**Entry:**
    Cut Foundation
    Reinforce
    Pour Steps
    Frame
    36" Door
    (could change depending on permit cost)    TOTAL:        $3,250.00

**Kitchen:**
    Rough In
    Cabinets
    Countertops (vinyl)
    Sink
    Electric Stove
    Dishwasher
    Oven
    Microwave
                             TOTAL:        $1,350.00

**Bathroom**
    False Floor
    Rough In (plumbing & electrical)
    Cabinets
    Counters (vinyl)
    Sinks (2)
    Toilet
    Corner Shower

Frame Closet
Track Lighting
Mirror
Hardware (faucets, towel racks, etc.)
Vinyl Floor
Fan

                TOTAL:     $4,600.00

**TOTAL BID:**..................................................................................................................$9,200.00

**Options:**

| | |
|---|---|
| Stackable W/D Closet under staircase | $300 |
| Gas Lines (stove & dryer downstairs) | $240 *estimate* |
| Solid Surface Countertops (bath & kitchen) deduct from above | $1,800 (corian counter tops) |
| Egress Window basement bedroom. | $2,750 |

                TOTAL:     $5,090.00

*[handwritten: $14,290]*

*** Bid is all inclusive and includes material, labor, taxes, and permits ***

*** 50% down payment is required to begin construction ***

*** 10% down payment is accepted to hold price ***

*** Bid is good for 90 days ***

ReBuild Idaho reserves the right to rebid each project individually if the bid is not accepted in its entirety.

Time is of the essence. This project will take approximately 3 weeks. We will work on all 3 areas simultaneously.