Scott Maher
10320 W. Whispering Cliffs Dr.
Boise, ID 83704
Telephone: 208-599-8842
Email: scottmaher@myself.com

*Pro se* Defendant

U.S. COURTS
MAY 03 2023
Rcvd_____ Filed_____ Time_____
STEPHEN W. KENYON
CLERK, DISTRICT OF IDAHO

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF IDAHO

| | |
|---|---|
| In Re: | |
| SCOTT ANTHONY MAHER, | Case No. 22-00577-NGH |
| Debtor. | Chapter 7 |
| DAVID FITZPATRICK and PATRICIA PAULIN (fka Patricia Fitzpatrick) | |
| Plaintiffs, | ADVERSARY NO. 23-06012-NGH |
| vs. | |
| SCOTT ANTHONY MAHER, | |
| Defendant. | |

DATED this 01 day of May, 2023.

_____
Scott Maher

COMES NOW the Defendant, Scott Anthony Maher, in answering the allegations of Plaintiffs Complaint and denies and alleges as follows:

## PARTIES

1. Defendant admits David Fitzpatrick ("Fitzpatrick") is an adult individual. Defendant lacks sufficient information to confirm Fitzpatrick's whereabouts.

2. Defendant admits Patricia Paulin ("Paulin") is an adult individual. Defendant lacks sufficient information to confirm Paulin's whereabouts.

3. Defendant admits David Fitzpatrick and Patricial Paulin (fka Patricia Fitzpatrick) are referred collectively as "Plaintiffs" in the Complaint.

4. Defendant admits to being Scott Anthony Maher ("Maher") and residing in Ada County, Idaho.

## JURISDICTION AND VENUE

5. Defendant admits/ agrees the Complaint is brought under stated codes and laws.

6. Defendant admits/ agrees the Complaint proceeding is under stated codes and laws.

7. Defendant admits/ agrees this Court has jurisdiction over this case.

8. Defendant admits/ agrees to the venue sated.

## GENERAL ALLEGATIONS

9. Defendant admits the Plaintiffs hired his company to work of their basement located at 10421 West Dason Drive, Boise, Idaho ("Subject Property").

10. Defendant denies advising Plantiffs he or his employees would be performing work on Subject Property as the company, Rebuild Idaho ("RBI") never had employees. RBI worked with 1099 subcontractors only. Defendant denies to specifically advising Plantiffs that RBI would not be using subcontractors as the use of subcontractors is included in the Complaint's Exhibit "B" ,Work Agreement, signed by both, Plantiffs and Defendant.

11. Defendant lacks sufficient evidence to determine the whereabouts of the Plaintiffs at the time of the contract, however, admits to signing the Work Agreement with Plaintiffs in person. The Defendant denies the Plaintiffs relied heavily on his representation and

1

information due to the Plaintiffs adult children living in the home at the time, who took pictures and reported conversations with subcontractors to Plaintiff.

12. Defendant denies Plaintiffs had to learn about RBI using subcontractors as it was stated clearly in the Work Agreement signed by both parties. Defendant denies never disclosing subcontractors and/or suppliers he used to complete construction at the Subject Property.

13. Defendant denies, upon the return of the Plaintiffs, to having only completed thirty percent (30%) of the entire project. Defendant denies Plaintiff had paid eighty seven percent (87%) of the contract amount as the Representatives, (Adult Children), made changes on behalf of the Plaintiffs that frequently stopped work completely to adjust colors or brands to products already ordered, delivered and paid for.

14. Defendant denies to causing any damage to Subject Property. Defendant denies having employees that damaged Subject Property

15. Defendant denies knowledge of using a photograph of Subject Property on a website. Defendant denies having a website.

16. Defendant denies making false representations about progress of construction in order to induce Plaintiffs to continue to pay over and above the original contract price with no intentions of completing such work.

17. Defendant denies inducing Plaintiffs to make payments by misrepresenting that the payments were necessary to pay subcontractors and suppliers, where the Defendant did not intend to use the funds for such a purpose and did not use the funds for the purpose.

18. Defendant denies failing to pay the undisclosed contractors that were used to provide labor and/or material to the Subject Property.

19. Defendant admits/agrees Dillabaugh's Flooring America filed a lien foreclosure complaint against Plaintiffs. Defendant denies using Dillabaughs for material and labor on Subject Property as Defendant had a cash account at Dillabaughs with no way of using credit through the company. Defendant admits to a Complaint for Foreclosure being filed against the Plaintiffs.

20. Defendant admits the Plaintiffs filed a crossclaim.

21. Defendant denies not responding to a crossclaim as the Defendant was inaccessible to a process server and did not have the privilege nor ability to respond. Defendant admits to a judgement being entered in the case.

22. Defendant admits a renewal for the judgement was entered on May 21, 2020.

2

23. Defendant admits the judgement is for $38,567.62

24. Defendant admits not paying the judgement.

## INCORPORATIONS BY REFERENCE

*ANSWER TO COUNT I*

25. Defendant denies the debt to Plaintiffs as being obtained by false pretenses, a false representation and/or actual fraud as the Work Agreement included in the Complaint is clear.

26. Defendant denies any fraud whatsoever and the allegation is conclusory in nature leaving the Defendant unable to answer further.

*ANSWER TO COUNT II*

27. Defendant denies fraud or defalcation while acting in a fiduciary capacity, embezzlement and/or larceny and lacks sufficient evidence to understand the allegation being presented to answer further.

28. Defendant lacks sufficient evidence to answer a conclusionary allegation.

*ANSWER TO COUNT III*

29. Defendant denies any willful and/or malicious injury to Plaintiff or the Subject Property.

30. Defendant lacks sufficient evidence to answer a conclusionary allegation.

## ATTORNEY FEES

31. Defendant lacks sufficient evidence of attorney fees being alleged.

## CONCLUSION

Debtor believes this Complaint to be insufficiently pled as the information does not support the allegation therein. Debtor believes the General Allegations to be vague, making it difficult for the Debtor to understand the correlation between the allegations and information in support thereof. The Debtor fully understands the conclusionary statements of dischargeability provided, however, believes they are unsubstantiated and unsupported.

## CERTIFICATE OF SERVICE

I, Scott Maher, hereby certify that on 5/1/2023, I served the following documents upon the parties listed below via USPS, as indicated:

Answer to Complaint

Served via U.S. Mail to Ron R. Shepherd at 1990 North Meridian Road, Meridian, ID 83646

_____          5/1/2023
Scott Maher                         Date



**MAHER**
10320 Whispering Cliffs Drive
Boise, ID 83704

BOISE ID 837
1 MAY 2023 PM 7

U.S. MARSHALS
District of Idaho
MAY 03 2023
EXAMINED

U.S. BANKRUPTCY COURT
DISTRICT OF IDAHO
550 W. FORT ST. #400
BOISE, ID 83724

83724