U.S. COURTS

OCT 23 2023

Rcvd_____Filed_____Time_____
STEPHEN W. KENYON
CLERK, DISTRICT OF IDAHO

Scott A. Maher
10320 W. Whispering Cliffs Dr.
Boise, ID 83704
208-599-8842
scottmaher@myself.com

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT COURT OF IDAHO

| | |
|---|---|
| RE: ) | Case No. 22-00577-NGH |
| ) | |
| SCOTT ANTHONY MAHER ) | Adversary Proceeding No. 23-06012 |
| ) | |
| Debtor, ) | Motion to Dismiss with Prejudice |
| ) | |
| DAVID FITZPATRICK and ) | |
| PATRICIA PAULIN (fka Patricia ) | |
| Fitzpatrick) ) | |
| ) | |
| Plaintiffs, ) | |
| v. ) | |
| ) | |
| SCOTT ANTHONY MAHER ) | |
| ) | |
| Defendant. ) | |

**1) Corporate Veil**

The defendant, Scott Maher, respectfully moves this Honorable Court, pursuant to Federal Rules of Civil Procedure 12(b)(6) and bankruptcy rule 7012, for an order of dismissal with prejudice in regard to the complaint filed by David Fitzpatrick and Patricia Paulin (fka Patricia Fitzpatrick), for determination of dischargeability of debt. The complaint is based solely on the assumption that, because the plaintiffs were granted a default judgment that everything in said judgment is correct, accurate, and has already been proven. The default judgement was granted because I was incarcerated and could not attend. The plaintiffs are customers of Rebuild Idaho LLC, an Idaho Limited Liability Company. This is not a bankruptcy for a company. This is for the individual, Scott Maher. The plaintiffs believe that they pierced the corporate veil by saying they "believed" certain things "could have" happened without presenting any evidence to support their statements. Article 1, Section 8 of the U.S. Constitution and all uniformed

laws there in, give me the right to claim bankruptcy. Please consider Waiver and/or estopple and how it is applied to this request. (Walkovsky v. Carlton). According to I.C. S*30-6-104(1) the legal entity is distinct from it's members. In no way was Rebuild Idaho LLC an extension or alter ego of it's members. It was not under-funded nor was there any fraud or misconduct. The corporate veil is still intact allowing me, Scott Maher, distinction from Rebuild Idaho LLC.

## 2) Rule 37

I, Scott Maher, have not been able to collect any discovery from Plaintiffs. A Response To Defendants Request For Production Of Documents was filed by Plaintiffs attorney. The attorney for Plaintiffs has been uncooperative in supplying any information whatsoever. The attorney has also stated, on the record, that he had five to eight witnesses he will call to the stand to testify. Later, in a phone conversation with me, he said he only had his two clients as witnesses and would need me to show him names of employees in the discovery he has now requested. I humbly ask the court to dismiss this case based on failure to release discovery. Rule 35-37.

## 3) Plausible Claim

The Plaintiffs' Complaint fails to state a plausible claim for relief under Federal Rule of Civil Procedure 8(a)(2), and it lacks the necessary supporting documentation and evidence to support the allegations. The Complaint is too vague and conclusory to satisfy the legal standards for nondischargeability under 11 U.S.C. § 523. Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The Plaintiffs' Complaint fails to satisfy this requirement because it lacks the necessary supporting documentation and evidence to support the allegations made under Count I., Count II, and Count II. Furthermore, the Complaint fails to provide specific details about the alleged misconduct, making it impossible for the Defendant to adequately respond. Without more, the Complaint is nothing more than a "formulaic recitation of the elements" and fails to state a plausible claim for relief. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

## 4) Insufficient Pleading

The Plaintiffs' Complaint is insufficiently pled under Federal Rule of Civil Procedure 9(b), which requires that allegations of fraud be stated with particularity. The Complaint does not provide any specific details or evidence to support the allegations made under Count I, which alleges fraud, or Count II, which alleges conversion. The Complaint also fails to provide enough facts to enable Defendant to understand the nature of the allegations made against him. As such, the Complaint fails to satisfy the heightened pleading standard for fraud allegations.

**5) Lack of Evidence**

The Plaintiffs' Complaint provides no evidence to support the allegations made under Count I, Count II, and Count III. The Plaintiffs have no way of proving any of their allegations beyond doubt, as the Complaint is based solely on conclusory statements without any supporting evidence. Any further evidence gathered would amount to hearsay, which is not admissible under the Federal Rules of Evidence.

**Case Law Support**

This Motion to Dismiss is supported by case law that has found similar allegations to be insufficient to support nondischargeability claims. 1) Re: (Buckley v. Abuzir) Is a case where the corporate veil stood and a great explanation of the importance of the corporate veil. 2) Re: Keesee v. Hamilton where the plaintiff refused to release discovery resulted in an immediate dismissal. 3) In re Lederman, 456 B.R. 702 (Bankr. D. Mass. 2011), for example, the court dismissed a complaint for failure to state a plausible claim for relief because it lacked the necessary supporting documentation and evidence to support the allegations. 4) Similarly, In re Carrell, 258 B.R. 885 (Bankr. E.D. Okla. 2001), the court dismissed a complaint because it failed to meet the heightened pleading standard for fraud allegations. These cases demonstrate that the Plaintiffs' Complaint fails to satisfy the legal standards for nondischargeability under 11 U.S.C. § 523.

**Conclusion**

Based on the foregoing, Defendant respectfully requests that this Honorable Court grant this Motion to Dismiss the Plaintiffs' Complaint with prejudice. This motion is based on the grounds that the Complaint wrongly assumes it has 1) Pierced the Corporate Veil, 2) Been denied discovery, 3) fails to state a plausible claim for relief under Federal Rule of Civil Procedure 8(a)(2) and the legal standards therein. 4) The Complaint fails to provide enough facts to enable Defendant to understand the nature of the allegations made against him and, therefore, is insufficiently pled. 5) The Complaint fails to adhere to Evidentiary Standards without a possible emergence of evidence position. Intent does not satisfy the heightened burden of proof in Bankruptcy Rule 4005, therefore, the conclusion is a dismissal.

**CERTIFICATE OF SERVICE**

OCT 2 3 2023
Rcvd_____ Filed_____ Time_____
STEPHEN W. KENYON
CLERK, DISTRICT OF IDAHO

I, Scott Maher, hereby certify that on 10/20/2023, I served the following documents upon the parties listed below via USPS, as indicated:

Motion To Dismiss

Served via U.S. Mail to Ron R. Shepherd at 1990 North Meridian Road, Meridian, ID 83646

_____        10/20/23
Scott Maher                     Date

MAHER
10320 Whispering Cliffs Drive
Boise, ID 83704

OCT 23 2023
EXAMINED

BOISE ID 837
21 OCT 2023 PM 2 L

U.S. B.K. COUNTY CLERK
550 W. FORT STREET #400
BOISE, ID 83724

83724—


