UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| | |
|---|---|
| IN RE:<br><br>SCOTT ANTHONY MAHER,<br><br>    Debtor. | Case No. 22-00577-NGH |
| DAVID FITZPATRICK and PATRICIA PAULIN,<br><br>    Plaintiffs,<br><br>v.<br><br>SCOTT ANTHONY MAHER,<br><br>    Defendant. | Adv. No. 23-06012-NGH |

SUMMARY ORDER DENYING MOTION TO DISMISS

On October 23, 2023, Scott Anthony Maher ("Defendant") filed a Motion to Dismiss Case with Prejudice.  Doc. No. 16 ("Motion").  Defendant is not represented by counsel and as a pro se defendant, the Court views his pleadings liberally.  Having applied the liberal view necessary, the Court concludes Defendant is seeking dismissal of the adversary complaint based on various assertions of insufficient pleadings and discovery disputes.  However, having reviewed the Motion, the Court concludes it will be denied.

SUMMARY ORDER - 1

Defendant asserts Plaintiffs' complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(6), made applicable through Federal Rule of Bankruptcy Procedure 7012. His arguments assert Plaintiffs have failed to state a claim under a number of theories, including improper reliance on a veil piercing theory, failing to state a cognizable claim under Federal Rule of Civil Procedure 8(a)(2) (made applicable through Federal Rule of Bankruptcy Procedure 7008), and failing to state the circumstances supporting fraud with enough particularity as required by Federal Rule of Civil Procedure 9(b) (made applicable through Federal Rule of Bankruptcy Procedure 7009). However, a motion to dismiss under Federal Rule of Civil Procedure 12(b) must be made before a party files a responsive pleading. Fed. R. Civ. P. 12(b) ("A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed."). Here, Defendant filed his answer on May 3, 2023. Doc. No. 7. Thus, Defendant's Motion, filed over 5 months after his answer was filed, is untimely.[1]

While the Motion is untimely under Federal Rule of Civil Procedure 12(b), the Ninth Circuit has instructed that Courts may treat an untimely motion to dismiss as a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). *See Elvig v. Calvin Presbyterian Church*, 375 F.3d 951, 954 (9th Cir. 2004); *see also People's Bail Bonds v. Dobos (In re Dobos)*, 603 B.R. 31, 37–38 (9th Cir. BAP 2019). In

---

[1] To the extent Defendant's Motion asserts there is no evidence attached to the complaint to prove Plaintiffs' case and therefore the complaint should be dismissed, such an argument is faulty. Evidence is not required at the pleading stage; evidence is required at the time of trial. A pleading merely needs to contain a short and plain statement of the claim and specificity regarding the circumstances if the litigant is alleging fraud or mistake.

SUMMARY ORDER - 2

viewing the Motion as a motion for judgment on the pleadings, the Court may review the complaint for a lack of a cognizable legal theory or insufficient facts to support the legal claims asserted.

Here, Defendant asserts the complaint fails to provide sufficient facts. First, Defendant argues there is a lack of specificity for the fraud allegations. However, there are several allegations regarding specific misrepresentations that led to harm including alleged false representations regarding the progress of construction and the payment of subcontractors. Second, Defendant argues the allegations within the complaint are too vague or conclusory to satisfy the legal standards for nondischargeability under § 523(a)(2), (4) and (6). However, upon review, the Court concludes the allegations within the complaint are sufficient.

In the context of his veil piercing argument, Defendant appears to also argue the complaint should be dismissed due to its reliance on a state court default judgment which he implies is incorrect and inaccurate. However, as noted in *Benavidez v. Cty. of San Diego*, 993 F.3d 1134, 1142 (9th Cir. 2021), the *Rooker-Feldman* doctrine prevents federal courts from "exercising jurisdiction to 'review final determinations of a state court in judicial proceedings.'" As such, any arguments as to the merits of the state court judgment are not for this Court to decide. Moreover, it does not appear that Plaintiffs are relying solely on the state court default judgment which was entered against Defendant's entity and Defendant individually. As previously discussed, there are allegations in the complaint as to Defendant's individual actions and representations.

SUMMARY ORDER - 3

Thus, even viewing Defendant's Motion as one for judgment on the pleadings arguing a lack of legal theory or insufficient facts, it must be denied.

The Motion also contains some assertions regarding a breakdown of the discovery process, and it references Federal Rule of Civil Procedure 37, made applicable through Federal Rule of Bankruptcy Procedure 7037. However, it is not clear what the specific problem is or if Defendant is seeking any sort of compulsion or sanction short of dismissal. Notwithstanding the lack of specificity, the Court concludes that to the extent Defendant is seeking a discovery sanction, the allegations in the Motion are insufficient.

Local Bankruptcy Rule 7037.1 instructs that the Court will not consider a motion related to discovery (including a request to dismiss for failing to comply with discovery) unless the parties have conferred and attempted to resolve their differences in good faith and the "requirement can be satisfied only through direct dialogue and discussion in person or in a telephone conversation." LBR 7037.1(a). The moving party must certify compliance with the meet and confer requirement. LBR 7037.1(b); *see also* Fed. R. Civ. P. 37(a)(1) ("The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."). No such certification was provided. Thus, to the extent dismissal is sought as a sanction for an alleged discovery violation, the Court concludes the Motion must be denied as Defendant failed to comply with the applicable rules.

Therefore, given the timing and content of the Motion, and good cause appearing,

IT IS HEREBY ORDERED that the Motion, Doc. No. 16, is DENIED.

SUMMARY ORDER - 4

DATED:  November 15, 2023



_____
NOAH G. HILLEN
U.S. Bankruptcy Judge

SUMMARY ORDER - 5