U.S. COURTS

NOV 22 2023

Rcvd __mail__ Filed __AC__ Time __10:50__
STEPHEN W. KENYON
CLERK, DISTRICT OF IDAHO

Scott A. Maher
10320 W. Whispering Cliffs Dr.
Boise, ID 83704
208-599-8842
scottmaher@myself.com

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT COURT OF IDAHO

| | |
|---|---|
| RE: | Case No. 22-00577-NGH |
| SCOTT ANTHONY MAHER | Adversary Proceeding No. 23-06012 |
| Debtor, | DEFENDANTS REVISED ANSWER TO PLAINTIFF'S FIRST SET OF INTERROGETORIES, REQUESTS FOR PRODUCTION AND REQUEST FOR ADMISSIONS |
| DAVID FITZPATRICK and PATRICIA PAULIN (fka Patricia Fitzpatrick) | |
| Plaintiffs, | |
| v. | |
| SCOTT ANTHONY MAHER | |
| Defendant. | |

This is the Defendants response to the Plaintiff's first set of Discovery requests answered with honesty and to the best of my ability.

**INTERROGATORY number:**

1) I, Scott Maher (I, me, first person position, Scott Maher) am the only person answering these interrogatories.

2) Scott Maher would be the only source I'm aware of to identify other people that would have knowledge of the incident at hand. My secretary at the time for ReBuild Idaho was Mollie Messer, who passed away last year. Mollie would have known the sub-contractors names, all the accounts, and pretty much everything that I will be unable to answer here. She took the computer with everything on it when ReBuild Idaho closed. It was later damaged in storage and was unrepairable. The only other individuals I can think of would be the Petitioners adult children. They were there everyday. I do not know the names of the other people that would have knowledge about the Fitzpatrick job. There was only a subcontractor with the first name

Ron and Dillabaughs Flooring Company that participated in this job. Ron may have passed away or he may have moved back home to Wisconsin or Wyoming.

3) I will not be calling any witnesses of my own but reserve the right to do so if necessary.

4) I will not have any expert witnesses in the trial but reserve the right to do so if necessary.

5) I will not have any exhibits I plan to use in trial but reserve the right to if necessary.

6) I have not owned any website, social media page, or any other type of advertising for a company within the last 7 years.

7) Sunergy LLC is the only company I have had ownership of in the past 7 years. 100% ownership.

8) To my recollection, there was only one subcontractor. His first name is Ron but that is all I know. There was only one store that delivered merchandise to the Fitzpatrick's and that was Dillabaughs Flooring.

9) There are not any subcontractors, employee's, other stores, or anyone else who was not paid for their work on the Fitzpatrick home.

10) To my recollection I, Scott Maher, was the only member of ReBuild Idaho LLC from beginning to end. There may have been a brief time when Mollie Messer was a member but that would have only been for financing reasons. It would have been less than seven days.

11) I, Scott Maher, did not have any construction contracts within the last 10 years. I, albeit uncomfortably, will answer for ReBuild Idaho and say it's been out of business longer than 10 years, therefor, would not have had construction contracts in the last 10 years.

12) To my recollection, the reason the Fitzpatrick job was not finished is because I went to jail.

13) Neither I nor ReBuild Idaho have been in a similar lawsuit in the last 10 years. See Interrogatory number 11.

14) I object to the question of my criminal past and the details requested for each and every charge for relevance and also the information is easily available on the Department of Corrections website.

15) I object to the question of incarceration times and charges that led thereto for relevance and that the information is available for both parties on the Department of Corrections website.

**REQUESTS FOR DOCUMENTATION number:**

1) I will not have exhibits in the trial.

2) There are no documents I referred to when answering the interrogatories.

3) I do not have any documentation pertaining to the Fitzpatrick's job other than the original contract that the Plaintiffs attorney has. All correspondence between myself and the Fitzpatrick's has been lost for a long time. There would have been some emails and some text messages but I don't remember specifics.

4) I do not have, and cannot get any documentation referring to disclosures I made to the Fitzpatrick's. I do not remember any disclosures I made to the Fitzpatricks.

5) To my recollection, there was not a formal Operating Agreement between ReBuild Idaho LLC and Scott Maher Homes LLC, but I can not say for sure.

6) I do not have access to any other documents that the Plaintiff's signed, together or apart. They would have been on a computer that was destroyed. There probably would have been a couple of Change Orders in addition to the original contract the Plaintiff's and attorney have. But I can't say that unequivocally.

7) I, Scott Maher, never entered into any contract with the Plaintiffs.

8) I object to this request based on the fact the Plaintiff's attorney has a copy of the original contract which is the only documentation I could produce.

9) I cannot produce the Disclosure Notice I would have had the Fitzpatricks sign, due to the computer being unrepairable.

10) I cannot produce receipts, invoices or any other document I would have had from the Fitzpatrick job as they were destroyed many years ago. ReBuild Idaho did not keep paper as a filing method, rather they scanned every receipt into the main computer, since destroyed.

**REQUEST FOR ADMISSIONS number:**

1) DENY. I was not served any exhibits with the paperwork. Also, I will not recognize anything from the website, Mollie Messer controlled the website in its entirety. I had only seen it once or twice.
2) ADMIT. I was the owner of ReBuild Idaho LLC and Scott Maher Homes LLC, however, most decisions were delegated to a 1099 subcontractor manager at both companies.
3) DENY. To my recollection the Plaintiffs never paid me anything.
4) DENY. I do not know and have no way of knowing how much the Plaintiffs paid ReBuild Idaho LLC.
5) ADMIT. I do not like to answer for ReBuild Idaho, however, I do know there was a contract between the Plaintiffs and the company.
6) DENY. The Plaintiffs would have received a two page document explaining they had a right to lien releases, titled "IMPORTANT INFORMATION" or "NEW CLIENT INFORMATION". This document would have been delivered with the finalized initial Contract and either the receipt or an invoice for the down payment. This could have been delivered in person in the mail or in an attachment on an email. There is an Idaho code requiring this document be given to new clients.
7) ADMIT. I do not like to answer for ReBuild Idaho, however, I'm pretty sure the contract was not finished.
8) ADMIT. I do not like to answer for Rebuild Idaho, however, I don't think the contract was finished.

9) DENY. I do not know if ReBuild Idaho LLC gave the Plaintiffs a refund or not. Accounts Payables, Accounts Receivables and all other accounting practices were handled by subcontractor/manager Mollie Messer.
10) DENY. I believe the disclosures required under Idaho Code 45-525 were given to the Plaintiffs. As I remember, all 1099 contractors in sales at ReBuild Idaho were supposed to leave a document with their clients titled "IMPORTANT INFORMATION" or "NEW CLIENT INFORMATION" when they picked up a down payment and left a copy of the original Contract. It was also general practice to send these two documents over email or postal mail to the clients if the payment was mailed in. Mollie Messer the 1099 contractor/ office manager was a stickler about this process. The document included a brief scope of work to be started, the clients Right to(of) Rescind and a short definition of its meaning, their Right to Lien Wavers from every person or company that works on the property and a guarantee to include such waivers in our final meeting called "the walk through" in the document, their right to have the companies insurance information on hand with a copy of ReBuild Idaho's policy for them to keep, and copies of sub-contractor insurances if requested. Somewhere after the insurance part of the document was an explanation of why ReBuild Idaho did not carry Workers Compensation Insurance which was the company did not have any W-2 employees. In the last paragraph on the second page there was a statement about open communication and why it is so important on a job and also a reminder that the client's agreed in the original Contract that if we can't come to a conclusion on an issue, we agree to seek arbitration. I remember this document so vividly because I wrote it based on a story by my mentor Scott Asin of Asin Homes while starting Scott Maher Homes in 2003 and have used it through my different companies over the years.
11) DENY. I do not remember if ReBuild Idaho used Boise Floor Covering and Design on this project but I'm pretty sure they did not.
12) DENY. Mollie Messer, the 1099 contractor/ office manager, handled accounts payable and accounts receivable. To try to answer this question, I don't believe ReBuild Idaho every used Boise Floor Company and Design.

In closing, I believe it may be important for everyone involved to know about my behavior while working on the Fitzpatrick job. I was in active, heavy alcohol addiction at the time and this is partially why I do not remember much about the Fitzpatrick job. Additionally, it was 11 years ago. I have since changed my life and live a much different way. I hope the Fitzpatricks heal from any hurt they've experienced, but this debt is dischargeable.

Scott Maher

Scott A. Maher
10320 W. Whispering Cliffs Dr.
Boise, ID 83704
208-599-8842
scottmaher@myself.com

U.S. COURTS
NOV 22 2023
Rcvd Mail Filed AC Time 10:50
STEPHEN W. KENYON
CLERK, DISTRICT OF IDAHO

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT COURT OF IDAHO

| | |
|---|---|
| RE: | Case No. 22-00577-NGH |
| SCOTT ANTHONY MAHER | Adversary Proceeding No. 23-06012 |
| Debtor, | DEFENDANTS SECOND SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION |
| DAVID FITZPATRICK and PATRICIA PAULIN (fka Patricia Fitzpatrick) | |
| Plaintiffs, | |
| v. | |
| SCOTT ANTHONY MAHER | |
| Defendant. | |

TO: David Fitzpatrick and Patricia Paulin collectively "Plaintiffs" and Ron Shepherd, their attorney.

**NOTICE**

PLEASE TAKE NOTICE that Scott Maher "Defendant" hereby requires you to answer, under oath, the following interrogatories and requests for production within thirty (30) days from the service hereof and require the same be in accordance with Rule 33, 34, and 36 of the Federal Rules of Civil Procedure.

**INFORMATION**

1. PROCEDURE: You have a duty, pursuant to Rules 33, 34 and 36 of the

Federal Rules of Civil Procedure and Dist. Idaho Loc. Civ. R. 26.1 and 26.2, incorporated

under Federal Rules of Bankruptcy Procedure 7026, to answer and to seasonably

supplement and amend your responses.

2. DEFINITIONS: As used herein:

2.1 COMMUNICATIONS: The words "communication" and "discussion" mean any conversation, meeting, message, telephone call, letter, memorandum or any means of transmitting a message. When you respond to a question about a "communication", please state:

(a) The date when it occurred;

(b) The place where it occurred;

(c) All persons party to it; and

(d) The manner in which it occurred, (such as a letter, telephone call, or conversation); and identify all documents which record the fact that the communication took place.

2.2 CONTACT: The word "contact," in either the present or past tense, means conversations, telephone calls or conferences, conferences, meetings and correspondence.

2.3 DOCUMENT: The term "document" means all writings of every kind pertaining to the subject matter of this litigation, including, but not limited to, the original and one copy of all records, letters, correspondence, appointment books, diaries, files, notes, statements, memoranda, reports on investigations, telegrams, summaries, memoranda, or minutes of meetings, conferences and telephone calls, receipts, written reports, opinions of investigators, expense accounts, financial statements, tax returns, estimates, inventories, contracts, agreements, drafts, working papers, tapes, data sheets, or data processing matter, including data recorded and/or stored electronically, however produced or reproduced, within your possession or subject to your control of which you have knowledge or to which you now have or have had access, or of which any of your agents, attorneys, accountants or consultants have knowledge.

2.4 IDENTIFY DOCUMENTS: The term "identify" when used in reference to a "document," means to state the date of preparation of the document, its author, the sender, the recipient (if any), the nature of the document (e.g., letter, memo, tape, etc.) and the other means of identification sufficient to identify the

documents for purposes of a request for production, and its present location and custodian. If any such document was, but no longer is, in your possession or custody or subject to your control, state what disposition was made of it and give the name, address and telephone number of the person presently with possession, custody or control of the document.

2.5 IDENTIFY EMPLOYMENT HISTORY: The term "identify" when used in reference to employment history means to provide the name and address of each employer; provide the beginning and ending dates of each employment; state the duties performed in connection with each employment; state the reason for leaving such employment; provide the rate of pay for each such employment; and state the hours of employment for any current employmen2.6 IDENTIFY INDIVIDUALS: The term "identify" when used in reference to an individual person, means to state his or her name, including any aliases or former names, residence, address and telephone number, occupation, employer, job title or position, business telephone number, and present and/or last known whereabouts.

2.7 INSTANCE: The word "instance" means each occasion a "contact" was made, and you are to state the date and circumstances surrounding the "contact," including the names and addresses of all "persons" involved.

2.8 PERSON: "Person" means without limitation, human beings, corporations, partnerships, joint ventures, associations, trusts, labor unions, or any form of business, social or legal entity.

2.9 SOCIAL MEDIA: The term "social media" means and includes Facebook, Instagram, Snapchat, Twitter, LinkedIn or any other media in which you communicate with others through the internet.

2.10 STATE SOURCES OF INFORMATION: The term "state the sources of your information" means to "identify" the person and the documents from which information was obtained when your answer to any question is not based on information within your actual knowledge.

2.11 SUBJECT PROPERTY: The term "Subject Property" means the real property located at 10421 W Dason Drive, Boise, Ada County, Idaho.

2.12 YOU: "You" means the party to whom these interrogatories are addressed, and your past or present attorneys, agents, employees, officersrepresentatives, adjusters, investigators, and any other "person" who is in possession, or who has obtained, information on your behalf.

3. GENERAL NUMBER: As used herein, the singular shall include the plural, and any one gender includes the others, as the context requires.

4. PRIVILEGE: If, in responding or failing to respond to the discovery requested herein, you invoke or rely upon any privilege of any kind, please state specifically the nature of the privilege and the basis upon which you invoke, rely upon, or claim it, and identify all documents or other information, including contracts or communications, which you believe to be embraced by the privilege invoked.

INTERROGATORIES

In answering these interrogatories, produce all information available to you, including information in the possession of your attorneys (and investigators, experts, et cetera, retained by you and your attorneys), not merely information known of your own personal knowledge.

If you cannot answer the following interrogatories in full, after exercising due diligence to secure the information to do so, so state, and answer to the extent possible, specifying your ability to answer the remainder, and stating whatever information and knowledge you have concerning the unanswered portion.

These interrogatories are deemed continuing interrogatories and your answers thereto are to be supplemented as additional information and knowledge become available or known to you.

## INTERROGATORIES

INTERROGATORY NO. 1:    Please separately identify each person you or your representative know of that may have relevant knowledge of any of the issues or occurrences in this action and state the substance of the facts and opinions which would constitute such relevant knowledge.

INTERROGATORY NO. 2:    Please separately identify each person you plan to call as a lay witness in this trial and state any and everything they will be testifying to.

INTERROGATORY NO. 3:    Please separately identify every expert witness you expect to testify in this case along with statements of the exact opinion to be expressed and any exhibits they plan to use.

INTERROGATORY NO. 4:    Please separately identity each exhibit you may offer into evidence at the time of the trial.

INTERROGATORY NO. 5:    Please identify any evidence, witnesses, opinions, or anything else you plan to use at trial not covered by the previous interrogatories.

INTERROGATORY NO. 6:    Please identify and submit copies of any communication between Ron Shepherd and any party involved in this case that may be used in the trial. Include any non-privileged communication between he and the Plaintiffs.

INTERROGATORY NO. 7:    Please identify and submit the evidence used to allege that "Defendant Maher committed fraud or defalcation" and "Defendant Maher otherwise looted the company" from the original complaint, Case # CV-OC-15-04384.

INTERROGATORY NO. 8:    Please identify and provide copies of any communication between Dillabaugh's Flooring and either Plaintiff or Ron Shepard.

## REQUESTS FOR PRODUCTION

REQUEST FOR PRODUCTION NO. 1:    Please produce a copy of every exhibit your attorney, Ron Shepherd may offer into evidence at the trial herein.

REQUEST FOR PRODUCTION NO. 2:    Please produce a true and correct copy of every correspondence you and/ or Ron Shepherd and/ or any representative of Shep Law Group have had with any person, company, entity, agent, representative pertaining to both Case # CV-OC-15-04834 and Case # 22-00577-NGH.

REQUEST FOR PRODUCTION NO. 3:    Please produce each discovery request, any evidence used or unused, correspondences, and any other pertinent documentation for Case # CV-OC-15-04834.

REQUEST FOR PRODUCTION NO. 4:    Current employment verification for David Fitzpatrick and Patricia Paulin. Current phone numbers and addresses for David Fitzpatrick and Patricia Paulin.

REQUEST FOR PRODUCTION NO. 5:    All correspondence between Ron Shepherd or Shep Law Group and the Plaintiffs.

REQUEST FOR PRODUCTION NO. 6:    Billing by Ron Shepherd and Shep Law Group for Case # 22-00577-NGH and Case # CV-OC-15-04834 to include payments made by Plaintiffs.

REQUEST FOR PRODUCTION NO. 7:    The documentation your attorney, Ron Shepherd, used to determine the corporate veil between Scott Maher and ReBuild Idaho LLC could be pierced.

REQUEST FOR PRODUCTION NO. 8:    Please produce the professional credentials for Ron Shepherd, ISBN 6593.

Case 23-06012-NGH    Doc 21    Filed 11/22/23    Entered 11/27/23 10:09:56    Desc Main
Document      Page 10 of 12

11-18-2023

STATE OF IDAHO

COUNTY OF ADA

RE: CASE NO, 22-00577-NGH

AFFIDAVIT

I, Scott Maher, declare under penalty of perjury that the following documents are true and correct to the best of my ability, knowledge and belief.

-DEFENDANTS RESPONSE TO PLAINTIFFS FIRST SET OF INTERROGATORIES, REQUEST FOR PRODUCTION, AND REQUEST FOR ADMISSION

-DEFENDANTS SECOND SET OF INTERROGATORIES, REQUEST FOR PRODUCTION, AND REQUEST FOR ADMISSION

Executed on 11-20-2023

*[signature]*

Scott Maher

CERTIFICATE OF SERVICE

I, Scott Maher, hereby certify that on 11-20-2023 I served the following documents upon the parties below via USPS, as indicated:

- REVISED ANSWER TO PLAINTIFFS FIRST SET OF INTERROGATORIES, REQUEST FOR PRODUCTION, AND REQUEST FOR DOCUMENTATION
-
- DEFENDANTS SECOND SET OF INTERROGATORIES, REQUEST FOR PRODUCTION, AND REQUEST FOR DOCUMENTATION

Served via USPS to David Fitzpatrick and Patricia Paulin through their attorney of record, Ron Shephard at 1990 North Meridian Road Meridian, Idaho 83642.

Served via USPS to Ron Shephard at 1990 North Meridian Road Meridian, Idaho 83642

Scott Maher